UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

FRESENIUS KABI USA, LLC,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 24-676 (TJK)

---

### [PROPOSED] STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Protective Order" or "Order") is agreed to this 28th day of May, 2024, by the parties in this case. The parties agree, and the Court orders, as follows:

1. For purposes of the Protective Order, the term "CONFIDENTIAL" information means:

   a. any and all trade secrets, commercial, technical, manufacturing, financial, or other information that is not publicly known or able to be derived from public sources, and which is reasonably claimed as confidential information by Plaintiff Fresenius Kabi USA, LLC ("Fresenius Kabi") or its affiliates and consultants, and

   b. information subject to the Privacy Act, which limits disclosure of certain personal private information,

contained in the Administrative Record or other documents in this case. However, nothing in this Protective Order shall be construed as a concession that the Court may review materials outside the Administrative Record in resolving the merits of Fresenius Kabi's claims. Defendants have a statutory and/or regulatory obligation to protect CONFIDENTIAL information pursuant to the Trade Secrets Act, 18 U.S.C. § 1905; the Privacy Act; the Social Security Act; the Federal, Food,

Drug, and Cosmetic Act, and regulations issued by the Food and Drug Administration ("FDA") and Defendant Centers for Medicare & Medicaid Services ("CMS"). Nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

2. For purposes of the Protective Order, the term "Protected Information" means any document(s) or information designated as CONFIDENTIAL.

3. No documents containing, referring to, or otherwise disclosing Protected Information shall be publicly filed with the Court. Documents containing Protected Information may be submitted to the Court under seal in accordance with LCvR 5.1(h) of this Court's local rules. Counsel for the filing party shall be responsible for serving a copy of all sealed documents on all other counsel of record, along with a proposed public version of the document with the Protected Information redacted from public view. The other parties shall then have five business days from the date such documents are filed under seal to notify the filing party of any additional Protected Information they believe to be contained in such documents, which the filing party has not yet redacted in the proposed public version of the document. Two business days after such deadline, the filing party shall file a public version of the document with the Protected Information redacted from public view. In addition, the joint appendix required by LCvR 7(n) of this Court's local rules may be filed under seal in accordance with LCvR 5.1(h) in unredacted form for the Court's review.

4. Except as otherwise ordered herein, CONFIDENTIAL documents or information shall be maintained in strict confidence by the parties and their counsel. Such documents or information shall not be used by such counsel for any purpose other than the prosecution or defense

of this action. Such documents or information will not be furnished, shown or disclosed to any person except:

    a. U.S. Department of Health and Human Services employees, agents, or attorneys, including those of CMS or FDA;

    b. U.S. Department of Justice attorneys assigned to this case, as well as those attorneys' supervisor(s) and supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

    c. Attorneys at Sidley Austin LLP, as well as their supporting personnel and contract vendors, including but not limited to paralegals, clerks, secretaries, IT personnel, copy vendors, and clerical personnel;

    d. Fresenius Kabi's officers and employees;

    e. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters; and

    f. Any other person authorized to receive CONFIDENTIAL documents or information by order of the Court or by written agreement of the parties.

Except as provided in this paragraph, under no circumstances may CONFIDENTIAL documents or information be made available to any other person or entity without a specific court order or upon written agreement of the parties. Nothing herein shall be deemed to restrict any party or their counsel with respect to their own documents and information and/or the documents and information of their respective affiliates.

    5. In the event that Fresenius Kabi contends that a document in the Administrative Record should be designated CONFIDENTIAL, it will promptly inform Defendants. Defendants will review the document(s) at issue and determine whether they should be designated

CONFIDENTIAL. If the parties are unable to informally resolve any dispute regarding a designation, any party may seek intervention by the Court to determine whether such document(s) are entitled to protection. The document(s) shall be treated as CONFIDENTIAL pending a ruling by the Court.

6. Before disclosing Protected Information to any persons identified in paragraph 4(f) above, counsel shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit 1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Protected Information from the recipient pursuant to paragraph 13 below.

7. Counsel are responsible for ensuring that their legal, paralegal, and clerical staff comply with this Order.

8. The inadvertent or unintended disclosure of Protected Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Protected Information.

9. This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation.

10. This Protective Order shall govern all proceedings in this action.

11. Protected Information may be offered at any court proceeding in this case, provided that the proponent gives reasonable notice to all counsel and to the Court so that appropriate

measures may be taken to secure the courtroom. Any party may move the Court for an order that the information be received in camera or under other conditions to prevent unauthorized disclosure.

12. This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

13. Within 60 days after the final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL shall be returned to the producing party, or destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to the producing party not more than 60 days after final termination of this litigation. Any person who obtained access to Protected Information pursuant to this Order shall be barred from disclosing such information thereafter. Notwithstanding the above, counsel of record for each party may retain archival copies of all CONFIDENTIAL pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, the Administrative Record, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product. The terms of this Protective Order shall continue to apply to any such information retained by any party. Any party may retain copies of any public court filing, without limitation.

14. The Court may sanction counsel, their staff, or any person who obtained access to Protected Information pursuant to this Order, as appropriate for violation of this Order.

15. Counsel may apply to the Court for modification of this Order after reviewing the documents designated as CONFIDENTIAL. If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

16.     If a party (a "Subpoenaed Party") receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of Protected Information that the Subpoenaed Party has solely because of this action, the Subpoenaed Party shall give written notice to the other parties within ten (10) business days after receipt of the subpoena or other compulsory process. Such notice shall identify the specific Protected Information sought and enclose a copy of the subpoena or other compulsory process. If written notice must be provided by an earlier time to allow another party to timely seek a protective order, the Subpoenaed Party must provide written notice by that earlier time. If a protective order is timely sought, the Subpoenaed Party shall not produce the Protected Information requested prior to receiving a court order or consent of all other parties. In the event that Protected Information is produced, other than by court order, to the non-party in accordance with this provision, such material shall be treated as Protected Information pursuant to this Order.

17.     Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any Protected Information; provided, however, counsel shall not disclose Protected Information except in accordance with paragraph 4 above.

18.     To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

May 24, 2024

Respectfully submitted,

/s/ Paul J. Zidlicky
Paul J. Zidlicky (No. 450196)
pzidlicky@sidley.com
(Tel.) 202-736-8013

*[Signed]*
Timothy J. Kelly
U.S. District Judge
May 28, 2024

7

Sean C. Griffin (No. 442284)
sgriffin@sidley.com
(Tel.) 202-736-8107
Brooke E. Boyd (No. 1721284)
brooke.boyd@sidley.com
Kevin A. Sforza (No. 90003884)
ksforza@sidley.com
(Tel.) 202-736-8529
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8000
(202) 736-8711 (fax)

Trevor L. Wear (*pro hac vice*)
twear@sidley.com
(Tel.) 312-853-7101
Rina Mady
rmady@sidley.com (*pro hac vice*)
(Tel.) 312-853-6109
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (fax)

*Counsel for Plaintiff Fresenius Kabi USA, LLC*

MATTHEW M. GRAVES, D.C. Bar
#481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ *John J. Bardo*_____
JOHN J. BARDO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*

## **EXHIBIT 1: CONFIDENTIALITY AGREEMENT**

I, _____, hereby acknowledge, agree and certify under penalty of perjury that:

1. I have read the Stipulated Protective Order ("Order") entered in the civil action captioned *Fresenius Kabi USA, LLC v. United States, et al.*, No. 1:24-cv-00676-TJK, in the United States District Court for the District of Columbia.

2. I understand the terms of the Order.

3. I hereby agree to be bound by and comply with the terms of the Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

4. I understand that a violation of the Protective Order may subject me to contempt proceedings and to legal and equitable remedies, including damages.

5. I understand and agree that money damages would not be a sufficient remedy for breach of this Order and that a party that asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Order but shall be in addition to all remedies available at law or equity.

6. I hereby irrevocably submit to the jurisdiction of the United States District Court for the District of Columbia, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Executed on _____

_____
Signature

_____
Printed Name